ABEL GUY, Respondent, *v.* H. CARRIERE, WM. THOMPSON, JR., Z. WOOD, and others, Appellants.

T. & Co. were in the possession of certain property under a verbal agreement of sale from G , and employed W. to erect a building upon it. Before the completion of the building, G. signed a deed to the land, and at the same time, T. & Co. executed a mortgage for the purchase money. *Held,* that the conveyance and mortgage were but one act, and that no prior lien on the general property of T. & Co. could have priority over the plaintiff's mortgage.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

Action for the foreclosure of a mortgage.

Guy entered into a verbal contract with Carriere and Thompson, to sell them a certain lot of land in San Francisco. Carriere and Thompson took possession of the property, and employed Wood, one of the defendants, to erect thereupon a brick building. Subsequent to the contract with Wood, and after he had commenced work, Carriere and Thompson received from Guy a deed for the land, and at the same time executed a mortgage to him to secure the payment of the purchase money. The deed and mortgage were both recorded.

Afterward, Wood completed the building in accordance with the terms of the contract, and filed a mechanics' lien in the office of the County Recorder.

Guy proceeded to foreclose the mortgage. Carriere and Thompson and the other defendants suffered a default, except Wood, who answered, setting forth the facts as above stated. The cause was tried before a jury. Wood's counsel requested the Court to charge the jury—

First, That upon the facts as shown by the proof, the lien of the defendant, Wood, was entitled to priority over the plaintiff's mortgage.

Second, That if Wood actually commenced work upon the premises under his contract for the erection of the building, prior to the execution and delivery of the mortgage held by the plaintiff, and in good faith proceeded to perform his contract, the subsequent execution and delivery of the mortgage cannot defeat the builder's lien, nor take precedence of it.

Third, That if the defendants, Carriere and Thompson, were in possession of the lot, under a parol contract of purchase from the plaintiff, and whilst so in possession, contracted with the defendant, Wood, to erect a building on the same, and if Wood commenced the work prior to the execution of the plaintiff's mortgage, his lien has priority, notwithstanding the deed and mortgage were executed simultaneously.

Fourth, That if the plaintiff contracted by parol to sell and convey the lot to Thompson and Carriere, with a knowledge that they designed immediately to erect a building thereon, and permitted them to retain possession of the lot, and if Thompson and Carriere, whilst so in possession, contracted with defendant, Wood, to erect said building, and if the work was actually begun before the execution of plaintiff's mortgage, and if the plaintiff, with a knowledge that the work was so begun, omitted to notify Wood of his (the plaintiff's) claim, then the plaintiff is estopped to deny the priority of Wood's lien.

The Court refused these instructions, and directed the jury to find for the plaintiff. The defendant moved for a new trial, which the Court overruled, and he appealed.

*Crockett & Page*, for Appellant.

*Saunders & Hepburn*, for Respondent.

To the points decided, no authorities were cited by counsel.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The plaintiff owned the property when Wood commenced his work; so that the plaintiff alone could create a lien upon the property.

The possession of the property by Thompson & Co., was not sufficient evidence of title to prevent Wood being put upon inquiry. It would only make his lien good against them, if they had any rights. But it seems from the record, that their possession was merely by virtue of a verbal agreement of sale,—so in fact they had no rights to be affected prior to their acquisition of the title. At this period, however, the mortgage of the plaintiff was executed, simultaneously with the conveyance. This is in law considered as one act, and no prior

lien on the general property of Thompson & Co. can be prior to the rights of the plaintiff.

Judgment affirmed.