WILLIAM HOUGH

*v.*

. THOMAS A. COLLINS.

*Opinion filed October 24, 1898—Rehearing denied December 13, 1898.*

MECHANICS' LIENS—*lien may be predicated on a contract by owner's authorized agent.* A mechanic's lien is properly allowed, although the contract is not made with the owner of the premises personally, if the same was entered into on his behalf by his agent.

*Hough* v. *Collins,* 70 Ill. App. 661, affirmed.

. APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

SAMUEL J. HOWE, and CHARLES PICKLER, for appellant.

SULLIVAN & MCARDLE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee obtained a decree for a mechanic's lien on the property of appellant, which decree was affirmed by the Appellate Court. If the contract upon which appellee's suit was predicated was made with the agent of appellant, then the decree should be affirmed; otherwise, reversed. Appellant contends he neither made nor authorized the contract with appellee; that he had made a contract with C. E. Dorn & Co., as original contractors, to construct the building, and that appellee was a subcontractor under them.

The evidence shows that on September 29, 1892, C. E. Dorn & Co. and appellant made a contract, reciting that appellant was desirous of improving the premises described in the bill with a building suitable for a World's Fair hotel, (to be afterward remodeled into a flat or

apartment building,) and desired the aid and assistance of said Dorn & Co. in the erection of said improvement, and, after the termination of the World's Columbian Exposition, in the remodeling of said building into flats or apartments; that appellant would furnish the money to construct the same according to the design and plan, on presentation of the proper certificate of the architect; that he would also pay the cost of remodeling the same after the close of the fair, together with the cost of plans and specifications and architect's commission, which reconstruction was to be done as soon as practicable after January 1, 1894, or after the close of the World's Fair. Another contract between the same parties, dated November 5, 1892, was made, by which Dorn & Co. were to furnish materials and construct a certain building, according to certain plans, on said premises for $17,600, to be completed on or before April 15, 1893. On January 10, 1894, another contract between the same parties was made, by which Dorn & Co. were to construct a certain building on said premises according to certain plans and specifications, for which appellant was to pay the actual cost thereof as the work progressed, which building was to be completed by April 15, 1894.

On February 14, 1894, C. E. Dorn & Co., as owners, made a certain contract with appellee, Collins, by which he was to furnish all the materials and labor necessary to complete all the carpenter work on said World's Fair hotel on said premises, known as the "Montreal," and one three-story World's Fair hotel known as the "Western Reserve," to be remodeled into apartments, according to plans and specifications made by the architect, Kennard, which work was to be done to the architect's satisfaction and for which Collins was to receive $9600. Payments were to be made from time to time, on certificates of the architect, the entire sum to be paid within thirty days after acceptance. On the 20th day of February, 1894, a contract was prepared by said architect, by the direction

of Dr. Dorn, one of the members of said firm, (the other member being his wife,) between the appellant, Hough, and appellee, Collins, by which Collins was to furnish the material and labor necessary to complete all carpenter work on said World's Fair hotel known as the "Montreal," to be remodeled into apartments according to plans and specifications of architect Kennard, for the sum of $3450, payments to be made on certificates of the architect as the work progressed. The work was satisfactorily completed by Collins and accepted by the architect, and a final certificate was issued January 31, 1895, for $1925, which has not been paid. The certificates were all issued by the architect "To C. E. Dorn & Co., account William Hough," for payment to T. A. Collins on contract for $3450.

The evidence shows that after Collins made the contract of February 14, 1894, with C. E. Dorn & Co., which represented them to be the owners, he found that William Hough was the owner, and presented the facts to Dr. Dorn, a member of the firm, and, as appears, the active member, and requested, as a guaranty, a new contract with the owner, and by his direction the contract of February 20, 1894, was drawn up by the architect and signed by Collins but not by Hough. This was done before Collins began work. This contract of February 20, 1894, Hough, the appellant, repudiates as unauthorized.

It is not deemed necessary to review the evidence in detail, but the conclusion reached is, that C. E. Dorn & Co. were the agents of Hough, and were not actually the original contractors of the work. It is not pretended that Dr. Dorn and his wife were in the business of making such contracts. In fact, they were not contractors. It seems they superintended the construction and management of Hough's World's Fair hotel. The first contract between Hough and them shows that he simply desired their "aid and assistance," for which they were to get no compensation. He was simply to pay the actual cost. There was a price fixed in the second contract with them, but

evidently that was set aside and never carried out. In the contract of January 10, 1894, Hough was merely to pay the actual cost. Dr. Dorn told various parties, during the progress of Collins' work, that he was simply acting as Hough's agent. There is proof that Hough, the appellant, also said Dr. Dorn was his agent in the construction of that building; that he, Hough, was working for the Pullman Palace Car Company and had no time to attend to it, as he had to go to work early and remained there until a late hour. Both the architect and Dr. Dorn recognized Collins was working under the contract of February 20, 1894, as the architect's certificate and order on Dorn & Co. for the payment of money referred to the contract price of $3450 for doing the work, etc. There was no such price fixed in any other contract. Further, there was no showing made that Hough paid Dorn & Co. money on their pretended contract,—that is, no particular amounts were shown. Hough made some claim that he had paid them, but the evidence of it was not forthcoming. The architect states that all of the other contracts for plastering, plumbing, etc., were made directly with the owners, through Dorn & Co., their agents, and that his relations with Hough were through his agents, Dorn & Co., in remodeling the World's Fair hotel called the "Montreal." This is in accord with the spirit and language of the first contract, reciting that Hough desired the aid and assistance of Dorn & Co., which is further corroborated by the fact appearing on the face of the contract of January 10, 1894, that Hough was only to pay the actual cost of the work and materials.

The facts and the law of this case are with appellee, and the decree, as affirmed by the Appellate Court for the First District, was not erroneous. Its judgment is affirmed.