Potter v. Conley.

---

B. C. POTTER et al., Appellants, V. P. J. CONLEY, Appellee.

No. 16,761.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Right to a Lien.* A mechanic's lien is purely a creation of statute, and those claiming such a lien must bring themselves clearly within the provisions of the statute authorizing it.

2. ——— *Lessee Held Agent of Owner—Lien against Interest of Each.* The statute gives a lien to anyone contracting with the owner of land or his agent for materials furnished or work done in repairing or improving a building thereon, and where the owner rents his property to another and stipulates

in the lease that improvements may be made on the property by the lessee and the expense thereof deducted from the rentals to be paid by him, the lessee may be regarded as the agent of the owner, and those doing the work and furnishing the material for improving the property will be entitled to a lien on the interest and estate of the lessee and the owner.

3. WORDS AND PHRASES — "*Repairs*." Under the circumstances of the case the term "repairs," as used by the parties in the lease, is held to be intended to cover, and does cover, improvements made by the contractors.

Appeal from Allen district court. Opinion filed January 7, 1911. Reversed.

*Ritter & Forrest*, for the appellants.

*A. E. Florence*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to foreclose a mechanic's lien. P. J. Conley, the owner of a theatre building, leased it to J. E. Faltys and George M. Gilliam for a period of three years, at a stipulated rental of $75 per month. In the lease was a special provision that "second party shall have the right to make reasonable repairs to said building and deduct the actual cost thereof from said rentals." The lease contained the stipulations ordinarily found in such instruments, including one that "no alterations or changes in said building shall be made by said second party without written consent of said first party." There was another stipulation giving the lessor the option to reenter in case of the default of the lessees.

Shortly after the execution of the lease the lessees engaged B. C. Potter and Frank Kelley to make certain changes and improvements in the building. These included the making of an orchestra pit, which was a lowering of the floor eighteen inches in a space twelve feet long and five feet wide; the reconstruction of an office lobby in a corner of the building, including a

partition between the office and the lobby; the taking out of a glass front and putting in its place drop siding, with two small windows; the ceiling of the inside of this front; the construction of a portal, which consisted of a roof projected from the building and supported by two posts; the building of steps at the entrance; and the painting of any new wood put in by the contractors. Within a few weeks after the execution of the lease the contractors made these improvements, which cost $163.43. There were no negotiations between the contractors and Conley, and they received no direct authority from him as to the improvements, but it is conceded that he was in and about the building when the work was done, slept in the building, and took care of the property during that time. The contractors expected to get their pay from the lessees, who directly employed them, but no such payment was made by them nor by the owner of the building, and therefore they filed a mechanic's lien. The lessees defaulted in the payment of rent and abandoned the premises, when Conley declared the lease forfeited and took possession of the building, including the improvements which the contractors had made, and then leased the building to another party. The contractors claimed a lien as against the fee held by the lessor, but this was refused by the court. A lien was adjudged against the leasehold interest of the lessees, but as the lease had been forfeited the lien was, of course, valueless to the contractors, and from the ruling refusing the lien against the estate of the lessor the contractors appeal.

The appellee correctly contends that a mechanic's lien is purely a creation of statute and that those claiming its benefits must bring themselves clearly within its provisions. Our statute gives a lien to "any person who shall, under contract with the owner of any tract or piece of land, or with a trustee, agent, husband or wife of such owner, perform labor or furnish material for the erection, alteration or repair of any building,

improvement or structure thereon" etc.  (Code 1909, § 649.)  The estate of the owner can not be subjected to a lien for work done or materials furnished at the instance of the lessee unless the lessee may be regarded as the agent or trustee of the owner.  The owner may contract directly, or he may do so through an agent, and the contention of appellants is that the lessees of the building in question were in fact the agents of the lessor in contracting for the improvements made upon the building.  Now, the lessor did not directly contract with appellants for the improvements made on this building, but he did contemplate that improvements and changes were necessary to fit the building for the purpose for which it was leased, and he expressly provided in his lease that the repairs to be made should be paid for out of the rentals that would accrue under the lease.  The lessees were not in terms designated as the agents for the lessor to contract for the repairs, but the rules of law relating to the creation of an agency and fixing the liability of a principal for the acts of an agent apply to contracts for labor performed and materials furnished for the improvement of a building the same as to other kinds of contracts.  Under a Missouri statute which authorized a lien where work was done or material furnished by virtue of a contract with the owner or his agent, it was held that the owner could be bound by virtue of a contract with an agent, and "that such agency may be express, or implied from the conduct and acquiescence of the owner and from all the circumstances, which estop him from denying the agency."  (*Winslow Brothers Co. v. McCully Stone Mason Co.*, 169 Mo. 236, 243; see, also, 27 Cyc. 64.)

It is not enough, of course, that the lessor should merely know that improvements are being made by the lessee, nor yet that he should have agreed with him that repairs or improvements are to be made by the lessee, as that may be done for the convenience of the lessee and not because of any benefit to the lessor or his

property. If the lessee acts only for himself, no lien will attach to the property of the lessor. Here, however, the lessor specifically agreed that repairs might be made at his expense. The stipulation in the lease that the repairs might be made and the cost taken out of the rentals was the equivalent of saying to the lessees: "You may contract for repairs and have them made at my expense." This was not only assent and acquiescence by the lessor in the making of repairs, but it gave express authority to the lessees to act for him in procuring them to be made, and at his cost. It was enough to·constitute a contract with the lessor himself for the improvements provided for in the lease. In *Kremer v. Walton*, 11 Wash. 120, it was in effect held that if a lessee causes a building to be erected on leased premises, under an agreement between himself and the lessor that the latter is to pay the lessee therefor by allowing him to retain rents, the interest of both lessor and lessee is subject to a mechanic's lien growing out of the erection of the building. In volume 27 of the Cyclopedia of Law and Procedure it is said:

"It is usually held that where a lease contains a provision authorizing the lessee to make repairs or improvements at the cost of the lessor, either generally, or by deducting the cost from the rent, or where part of the consideration for the lease is the making by the lessee of improvements which become a part of the realty, or that improvements made by the lessee shall revert to the lessor, a mechanic's lien may attach to the property for work done or materials furnished pursuant to a contract with the lessee." (p. 58.)

(See, also, *Dougherty-Moss Lumber Co. v. Churchill*, 114 Mo. App. 578; *Hardware Co. v. Churchill*, 126 Mo. App. 462; *Hough v. Collins*, 176 Ill. 188; *Carey-Lombard Lumber Co. v. Jones*, 187 Ill. 203; *Burkitt v. Harper et al.*, 79 N. Y. 273; *Boteler v. Espen*, 99 Pa. St. 313; *Fischer v. Jordan*, 169 N. Y. 615, 54 N. Y. Supr. Ct., App. Div., 621.)

The contention here is that if the lessees are to be

Potter v. Conley.

treated as agents of the lessor the agency should be strictly limited to repairs, and that the improvements made on the building were in fact alterations. Most of the improvements contracted for and made probably come within the technical definition of alterations, but evidently the parties were not drawing nice distinctions between these terms. It seems clear enough that the things done were the improvements or repairs contemplated by the parties and contracted for in the lease. Apparently the building was out of condition, and something was necessary to fit it for the lessees' purpose. The lessor, it appears, did not wish to advance the money to put it in condition, and so it was provided that it might be done on the credit of the building—that is, the cost of the repairs might be taken from the rentals coming to him. The writing into the lease of the special provision that certain things were to be provided for by the lessees and paid for by the lessor shows plainly enough that both understood that work and material were necessary to put the building in a rentable condition. It appears that immediately after the execution of the lease the lessees proceeded to put the building in condition, and the work was done under the eye of the lessor and while he was caring for the building. No question was raised by him as to the propriety of making these improvements, although the lease contained the stock phrase that no alterations should be made without the consent of the lessor. The time and circumstances under which these improvements were made satisfies us that they are the repairs which were mentioned in the lease and which both parties contemplated should be made at the expense of the lessor. Under the testimony of the lessor himself, and the undisputed facts, the lessees were the agents of the lessor within the meaning of the statute giving a lien for labor performed and materials furnished under a contract with the owner,

and therefore appellants were entitled to a lien as against the appellee and his building.

The judgment is therefore reversed and the cause remanded, with the direction to enter judgment in favor of appellants awarding them a lien against the estate of appellee in the property.