## SUMRALL v. RUSSELL. (No. 1506.)*

(Court of Civil Appeals of Texas. El Paso.
Oct. 11, 1923. Rehearing Denied
Nov. 8, 1923.)

**1. Mechanics' liens ⊕75(2)—No lien against lessor when improvements by lessee were to belong to him without expense.**

Where the improvements to be constructed on a lot were to come to the lessor at the end of the lease free from debt, as a part of the consideration for the use of the lot, there is no lien for labor and materials furnished the lessee as against the lessor under Const. art. 16, § 37.

**2. Contracts ⊕143—Court recognizes and declares existence of covenants which are apparent on face of contract.**

The courts, in construing contracts, looking to all provisions that equity may be done, recognize and declare the existence of covenants which are apparent on the face of the writing, but they are not favored.

**3. Mechanics' liens ⊕75(2)—An acceptance of building as complying with contract with lessee does not bind lessor.**

Where contract to construct building was made with lessee and not with lessor, an acceptance of the building as complying with the contract did not bind lessor so as to create lien.

On Motion for Rehearing.

**4. Mechanics' liens ⊕20—Lien given on leasehold interest of one causing improvements to be made.**

Const. art. 16, § 37, gives a contractor and materialman a lien independent of statute on the leasehold estate of one causing improvements to be made where for want of contract with the owner no lien can be fixed against him.

**5. Mechanics' liens ⊕72—Lease held not to make lessee the agent of the lessor.**

A lease for 20 years, providing that a building should be constructed, and that upon termination of the lease it should go to the lessor free from debt, did not make the lessee the agent of the lessor, so as to give a lien against the fee to one contracting with the lessee for construction of the building.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by L. Sumrall against T. A. Russell and others. Judgment for defendant named, and plaintiff appeals. Affirmed.

Burkett, Orr & McCarty, of Eastland, for appellant.

Dabney & Callaway, of Eastland, and Hickman & Davidson, of Abilene, for appellee.

HARPER, C. J. L. Sumrall brought this suit against T. A. Russell, W. M. Brown, Texas Motor Co., Eastland Club, Clem Lumber Company, and the Firestone Tire & Rubber Company for a balance due and for foreclosure of contractor's and material-man's lien on building and lots, and for cause of action alleged: That Russell, being the owner of lots Nos. 1 and 2 in Block A3, in the town of Eastland, executed a contract of lease to W. M. Brown, the material parts to this opinion being: The lease ran for 20 years, unless forfeited by the provisions hereinafter noted, the considerations being a stipulated monthly rental payable in advance, payment of annual taxes, etc.; failure to pay same authorized a forfeiture of the lease; and, further, that a building should be constructed on it in the manner designated, and that a failure to have it under construction by the 1st day of January next thereafter should cause the contract to be null and void. That lessee, Brown, entered into a contract with plaintiff December following for the construction of the building. That he constructed it, and that there is a balance due of $10,628.51. Brown assigned the lease, and in turn the other parties defendant above named became assignees in part, but they were disposed of by the trial court, and no complaint is made here in that respect.

The defendant answered by general and special exceptions, general denial, and specially pleaded, and admitted the execution of the contract of lease; that no forfeiture has been declared, etc.

The cause was submitted upon special issues, and upon the findings of the jury judgment was entered for defendant, from which plaintiff appealed.

Appellant insists that he is entitled to a foreclosure of his constitutional lien notwithstanding the verdict, under two propositions:

"I. One who furnishes labor and material for the construction of a building pursuant to a contract with a lessee under a lease providing for such improvements and stipulating that they shall revert to the lessor has, by virtue of the constitution of this state, a lien upon the leased premises and improvements for the value of the labor and material so furnished.

"II. An owner of property accepting a building constructed thereon, as in compliance with the specifications contained in the contract authorizing its construction, thereby waives a defective performance, and such acceptance may be implied from the conduct of the owner, and whether his acts are sufficient to constitute acceptance is a question of fact for the jury."

Appellant relies upon article 16, § 37, of Texas Constitution, which is:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

The Legislature pursuant to this article enacted the following:

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 2, 1924.

"Any person, or firm, lumber dealer or corporation, artisan, laborer, mechanic, or subcontractor, who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement or to repair any building or improvement whatever, * * * within this state under or by virtue of a contract with the owner, owners, or his or their agent, trustee, receiver, contractor or contractors, upon complying with the provisions of this chapter, shall have a lien on such house, building, fixtures, improvements, * * * and shall also have a lien on the lot or lots of land necessarily connected therewith * * * to secure payment for the labor done, lumber, material, machinery or fixtures and tools furnished for construction or repair." Vernon's Ann. St. 1914, art. 5621.

The lien given by statute is predicated upon the contract being with the owner direct or through his agent, etc. It was pleaded that the appellee agreed to the contract; but this question was submitted to the jury and found against appellant, so, if there is a contract with the owner, it arises by implication of law upon the provision of the contract relied upon, viz.: The contract having stipulated for the improvements, and that they should revert to the lessor at the end of 20 years, a lien attached upon the construction of the improvements for the value of the labor and material furnished under the Constitution, and aside from and without complying with the provisions of the statute. We might conclude this opinion by citing the Texas cases holding to the contrary, to wit: Faber v. Muir. 27 Tex. Civ. App. 27, 64 S. W. 938; Gal. Ex. Association v. Perkins, 80 Tex. 67, 15 S. W. 633; Cleburne Street Ry. Co. v. Barber (Tex. Civ. App.) 180 S. W. 1176—but, in deference to the able argument of counsel for appellant and the cases cited from other states holding in favor of a lien by implication (Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578, 90 S. W. 405; Potter v. Conley, 83 Kan. 676, 112 Pac. 608, and others from these and other states) we add:

[1, 2] The building constructed was to come to Russell at the end of the leasehold free of debt as part of the consideration for the use of the lots, so now to hold that he must pay in cash in order to secure the building would be for the courts to charge him with a burden which he had not assumed by his contract. The courts in construing contracts, looking to all of their provisions in their construction, that equity may be done, recognize and declare the existence of and enforce covenants which plainly are apparent upon the face of the writing; but they are not favored, and we are of the opinion that the facts here do not authorize such holding.

[3] As to the second proposition, under the pleadings and evidence, if the contract had been between the parties to this appeal, and appellee was seeking to avoid paying for the improvements because not in compliance with the plans and specifications, and there had been evidence of acceptance of the building, as in this case, it would have been error for the court to refuse to submit the charge asked in this instance. But, the contract not being with the owner, under the authorities noted above, an acceptance did not bind appellant.

Finding no error, the cause is affirmed.

#### Upon Motion for Rehearing.

[4] We simply hold that the Constitution provides for a lien independent of the statute on the estate of the person causing the improvement to be erected, in this case the leasehold estate of Brown, and not the fee owned by Russell, because under the facts in this case the latter had no contract with appellant by which a lien could be fixed. Strang v. Pray, 89 Tex. 525, 35 S. W. 1054; Ogburn Grav. Co. v. Watson Co. (Tex. Civ. App). 190 S. W. 205, writ of error granted, affirmed Watson Co. v. Ogden Gravel Co. 110 Tex. 161, 217 S. W. 373; Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 217 S. W. 372; First National Bank v. Lyon-Gray Lumber Co. (Tex. Civ. App.) 194 S. W. 1146.

[5] There is nothing in the proposition that the lease contract between Russell and Brown constituted the latter the agent of the former, and, by the jury's holding that "no conversation took place whereby appellee agreed with appellant that a lien would attach if he would proceed with the construction of the building," appellant is precluded upon that theory.

The motion will be overruled.