No. 30,746.

The Shelley Electrical Company, *Appellant,* v. Jessie E. Ross and Clayton I. Ross, *Appellees;* (J. E. Wilson, doing business as The Wilson Plumbing Company, A. W. Soderberg, doing business as A. W. Soderberg Company, and L. A. McAllister, doing business as McAllister Decorating Company, *Appellants.*)

(14 P. 2d 638.)

Opinion filed October 8, 1932.

*Henry Lampl* and *Rupert Teall,* both of Wichita, for the appellants.
*A. M. Ebright* and *P. K. Smith,* both of Wichita, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action to establish and foreclose mechanics' liens against the defendant owner's property. Judgment was for

the defendant owner. Plaintiff and defendants, who claimed liens, appeal.

The facts are brief. R. W. Parkinson leased a building from Clayton Ross. This building had been used as a garage. Parkinson intended to use it as a sandwich shop. This required some work to be done on the building in the way of electrical equipment, new water service, painting the walls and ceiling, installing electric fans and building booths, tables and counters. There was some preliminary talk about these changes. Parkinson said that he wanted to make the building into a sandwich shop. He said he was going to make it one of the show places of Wichita. After some negotiations a lease was entered into between Ross and Parkinson. The lease provided that the building should be used as a sandwich shop. Other material portions of the lease were as follows:

"Said lessee covenants with lessor and assigns that at the expiration of said term, possession shall be given in as good condition as the same now are, usual wear and tear excepted. . . . Nor shall lessee make nor suffer any alteration or change of the said premises without the consent of the first party in writing. . . . It is agreed and understood between the lessor and lessee that the lessee is to make all repairs, alterations, etc., to the interior of the above-described building at the expense of the lessee, and permission is granted lessee to sublet or rent the rear of the above-described property."

Nothing was said in the lease about the extent of the repairs and alterations that were contemplated.

The repairs and alterations were made. Parkinson occupied the building for about a month. He then was adjudged a bankrupt. None of the firms or workmen who had done the work on the building were paid. One of them sued and sought to create a lien against the building for the amount of the claim. The petition alleged the doing of the work; that it was done under contract with Parkinson and that Parkinson was the agent of Ross. Ross answered by way of a general denial and also denying that Parkinson was his agent. Other workmen filed answers and cross petitions setting up the same claim that had been set up by plaintiff. Trial was by the court. One finding of fact was made as follows:

"The court finds from the evidence in this case that R. W. Parkinson, when he contracted with the plaintiff and the several cross-petitioning defendants, for alterations, repairs and improvements to the building known as 226 South Lawrence avenue, Wichita, Kansas, was acting for himself and not as the agent of the defendants, Jessie E. Ross and Clayton I. Ross."

On this finding judgment was entered denying to plaintiff and cross petitioners a lien on the building.

Appellants urge two propositions. If it should be considered that under the terms of the lease, and the facts in connection with the transaction, the lessee was given the right but was not required to make the improvements, then the lessee was constituted the agent of the defendants for the purpose of subjecting their interest to the liens of the plaintiff and defendant cross petitioners, or that the condition in the lease that the premises be used only for a café and sandwich shop and the making of extensive improvements for the betterment of the property to enable the lessee to comply therewith, impliedly constituted the lessee the agent of the lessor for the purpose of subjecting the lessor's estate to the liens of materialmen and laborers who engaged in the construction of the improvements under the employment of the lessee.

It will be seen that the theory under which appellants seek to recover is in both cases that Parkinson was the agent of Ross. We have seen that the court made a finding of fact contrary to this. Appellant urges, however, that under the record Parkinson was the agent of Ross as a matter of law. We cannot take this view of the record. Every one of the lien claimants testified that he did the work in question and depended on Parkinson for his pay. That is, according to the testimony of the claimants the work was done and the material furnished on the credit of Parkinson. The record is not at all clear that the improvements were made for the benefit of Ross. In fact, it is convincing that it was a matter of indifference to him as to whether they were made or not. In the cases that are cited and relied on by appellant this element was present in the lease, and the further element that in the leases the lessor agreed that the price of the alterations should be kept back by the lessee out of the rent. The court said in one of these cases:

"The stipulation in the lease that the repairs might be made and the costs taken out of the rentals was the equivalent of saying to the lessee, 'You may contract for repairs and have them made at my expense.' This was not only assent and acquiescence by the lessor in the making of repairs but it gave express authority to the lessee to act for him in procuring them to be made and at his cost." (*Potter v. Conley*, 83 Kan. 676, 680, 112 Pac. 608.)

No such language as that referred to above appears in the lease under consideration in this case. We are unable to see anything in the lease or in the facts and circumstances surrounding it that would warrant the conclusion that Parkinson was the agent of Ross in the matter of making the contracts for the alterations in question.

The judgment of the district court is affirmed.