**B. H. GRUBE, Appellant,**

v.

**NICK'S NO. 2, a Corporation, et al., Appellees.**

**No. 5058.**

Court of Civil Appeals of Texas.

El Paso.

Feb. 2, 1955.

Rehearing Denied March 9, 1955.

Warren Burnett, Odessa, Frank Bezoni, Midland, for appellant.

Stowe & Harmon, Odessa, Stubbeman, McRae & Sealy and W. B. Neely, Wm. H. Crenshaw, Jennings & Howell, James A. Lore and Robert B. Whitehead, Midland, Leonard Howell, Midland, of counsel, for appellees.

McGILL, Justice.

Appellant B. H. Grube at all relevant times was the record owner of lots 2, 3, 4, 5 and 6 in Block 25, Belmont Subdivision to the Town of Midland, Midland County, Texas. On January 1, 1952, he leased said property to Nick's No. 2, a Texas corporation, for a period of twenty years commencing January 1, 1952 and ending on the last day of December, 1972. Nick's No. 2 was a Texas corporation. It had an authorized capital stock of $1,000, $500 of which was paid for. By Section 4 of the lease the lessee agreed to make such improvements and erect such building on the leased premises as should

be required for the uses the lessee desired to make of the premises, such improvements and building to be made at the cost of lessee. By Section 5 of the lease all such buildings and improvements should vest in and become the property of lessor upon termination of the lease. It was stipulated that such vesting was a part of the consideration for the execution of the lease by lessor. The lessee contracted with intervening appellee John L. Stone for the erection of a mercantile building on the leased premises, and Stone and a number of subcontractors who also intervened furnished material and labor to construct such building. No payments having been made by Nick's No. 2 the contractors ceased work on the building before it was completed. The lessor filed this suit because of lessee's failure to complete the building with reasonable diligence and to carry insurance on the building as provided by the lease. The contractors intervened and sought a judgment against appellant for the various amounts due them and a foreclosure of the constitutional mechanic's lien against the property. Trial was to a jury. On answers to special issues submitted the court rendered judgment in favor of Stone against Nick's No. 2 and B. H. Grube for $45,855.54, and in favor of the intervening subcontractors for the respective amounts due them against the intervenor John L. Stone, and ordered a foreclosure of a constitutional mechanic's lien in favor of John L. Stone against the leasehold estate created by the lease between Grube and Nick's No. 2, and also on the reversionary interest of B. H. Grube in the lots above described.

The jury's finding and answers to Special Issues Nos. 3 and 4 were as follows:

"Special Issue No. 3. Do you find from a preponderance of the evidence, if any, that the course of conduct if any pursued by defendant, B. H. Grube, subsequent to November 1, 1951, caused the store building to be constructed by Intervenor Stone on the land involved in this suit? Answer Yes or No.

"Answer *Yes.*

"Special Issue No. 4. Do you find from a preponderance of the evidence, if any, that the course of conduct if any, pursued by defendant B. H. Grube, subsequent to November 1, 1951, misled the Intervenor Stone into believing that Nick's #2 had the right to make such contract with reference to the store building upon the property involved in this suit, as would create in favor of such Intervenor Stone a lien upon the entire property in question? Answer Yes or No.

"Answer *Yes.*"

It is not seriously contended that in entering into the contract with Stone Nick's No. 2 was acting as the agent of Grube. Rather the contention is that Grube by entering into the lease with Nick's No. 2, and by his knowledge that the building was being constructed, and his acquiescence therein without disclosing the unrecorded lease to Stone, caused the building to be erected on his land and thereby subjected it to the constitutional lien given to mechanics, artisans and materialmen. This same contention was made and rejected in Cleburne St. R. Co. v. Barber, Tex.Civ. App., 180 S.W. 1176, wr. den. and in Eardley Bros. v. Burt, Tex.Civ.App., 182 S.W. 721. Nothing we could say would add anything to the reasons for denying the lien given in those opinions. Furthermore, this court has said in Sumrall v. Russell, Tex.Civ.App., 255 S.W. 239, 240, writ dis.:

"(4) We simply hold that the Constitution provides for a lien independent of the statute on the estate of the person causing the improvements to be erected, in this case the leasehold estate of Brown, and not the fee owned by Russell, because under the facts in this case the latter had no contract with appellant by which a lien could be fixed. Strang v. Pray, 89 Tex. 525, 35 S.W. 1054; Ogburn Gravel Co. v. Watson Co. (Tex.Civ.App.) 190 S.W. 205, writ of error granted, affirmed

Watson Co. v. Ogden Gravel Co., 110 Tex. 161, 217 S.W. 373; Wilson v. Sherwin-Williams Paint Co., 110 Tex. 156, 217 S.W. 372; First National Bank of Paris v. Lyon-Gray Lumber Co., (Tex.Civ.App.) 194 S.W. 1146."

Therefore we hold that no valid lien was created on Grube's reversionary interest in the land here involved, absent any contract between Grube or his representative and any contractor furnishing labor or material for the building in question.

 We also hold that neither the personal judgment against Grube nor foreclosure of a lien against his property can be sustained on the theory of quantum meruit. Appellant states in his brief that there is no evidence in the record to show the value of the lands owned by Grube prior to the commencement of the construction of the building in question, and no evidence to show the value of the land at the time the incompleted structure was abandoned. Appellee does not challange this statement. We have read the entire statement of facts and find no such evidence. Of course these values must be shown to establish the value of the labor and material furnished. The mere cost of such labor and material is not enough. Also, it is apparent that at no time during the construction of the building in question was appellant Grube charged with notice that appellee Stone or any of the subcontractors were looking to him for payment. The evidence is conclusive that they were not. Although Grube was the record owner of the property, neither Stone nor any of the subcontractors had any dealings with him during the five months while the building was being constructed. Stone's testimony is to effect that he was dealing with Mr. Nichols and Mr. Marlow. Therefore, another essential element to establish a cause of action in quantum meruit is lacking. Wyche v. Perrin, Tex. Civ.App., 228 S.W.2d 330, w. r. n. r. e.

It is therefore our conclusion that the judgment should be reformed; that insofar as it awards any personal recovery against B. H. Grube, and insofar as it attempts to establish a constitutional mechanic's lien against his property, being his reversionary interest in Lots 2, 3, 4, 5 and 6 in Block 25, Belmont Subdivision to the Town of Midland, Midland County, Texas, should be reversed and judgment here rendered that as against B. H. Grube, appellee Intervenors take nothing, and the judgment decreeing foreclosure upon the above described lots should be set aside and held for naught; and that in all other respects the judgment should be affirmed.

It is so ordered. Reformed and affirmed.