J. A. Smith et al. v. Pat Huckaby et al.

No. 229.

1. **Assignment of Error.**—An assignment of error that "the court erred in its conclusions of law, in refusing to foreclose appellants' mechanic's lien," is too general.

2. **Mechanic's Lien — Lot held under Parol Contract.** — Where buildings are erected on premises for one in possession under a parol contract of purchase only, a mechanic's lien for such improvements does not attach as against the real owner.

3. **Same—Estoppel.**—That the true owner knew that improvements were being made on his land for one in possession under a parol contract of purchase, does not estop him from denying a mechanic's lien thereon, where it does not appear that he knew the mechanic was ignorant of the condition of the title.

Appeal from Parker.   Tried below before Hon. J. W. Patterson.

*Jasper N. Haney*, for appellants.—The court erred in refusing to foreclose appellants' mechanic's lien.   Phil. on Mech. Liens, secs. 69, 72, 75.

No brief for appellees reached the Reporter.

HEAD, Associate Justice.—We adopt the conclusions of fact filed by the court below as being correct.

The only assignment of error relied on in appellants' brief is as follows: "The court erred in its conclusions of law, in refusing to foreclose appellants' mechanic's lien." That such an assignment is too general to admit of consideration, has been repeatedly decided by the Supreme Court (Legion of Honor v. Rowell, 78 Texas, 677), and followed by us.   Gunter v. Lillard & Co., 1 Texas Civ. App., 325.

We believe, however, the court below did not err in concluding that appellants showed no right to foreclose the mechanic's lien claimed by them against the defendant Bailey.   This lien was claimed under a contract made by appellants with defendant Huckaby to repair some houses already on the lot.   Huckaby's only claim to the lot was under a verbal contract with Bailey to pay him $600 in monthly installments, none of which had been paid, for which failure the trade was cancelled.   Appellants do not seek to comply with Huckaby's contract by paying Bailey for the lot and have their lien foreclosed against Huckaby's interest, but they ask that they be given priority over Bailey.   This they were not entitled to have. Exhibition Assn. v. Perkins, 80 Texas, 62; Phil. on Mech. Liens, 72.

We find in the record no sufficient evidence of estoppel against Bailey to deny appellants' lien.   It is only shown that he knew appellants were making the repairs for Huckaby, but not that he knew they were in ignorance of the nature of his title.   That this was not sufficient as an estop-

pel, we think clear from the authorities above cited. The petition did not seek a personal judgment against Bailey upon his promise to Mrs. Huckaby to pay appellants. Spann v. Cochran & Ewing, 63 Texas, 240.

The judgment of the court below must in all things be affirmed.

*Affirmed.*

Delivered September 20, 1893.