NICHOLSTONE CITY COMPANY v. B. A. SMALLEY.

Decided May 4, 1899.

1. **Fixtures—Mechanic's Lien.**

The owner of land becomes the owner of such improvements placed thereon as constitute fixtures, and these can be affected by a lien for materials furnished to erect them only in the manner authorized by the statute.

2. **Corporation Not Bound by Members Acting Individually.**

A corporation is not liable for a debt incurred by the holder of a large portion of its capital stock and chairman of its executive committee, under a written authorization from a majority of the stockholders acting individually, to improve the grounds of the corporation at his own expense, to be reimbursed out of the corporate funds, where no acquiescence or ratification by the corporation is shown.

3. **Same—How Bound.**

Action which in itself binds a corporation can be taken only by its members or directors as a body and at a properly constituted meeting.

4. **Agency—Lien for Material.**

An agent who has no authority to make an improvement on his principal's property can not charge it with a mechanic's lien therefor.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*Austin & Rose,* for appellant.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued F. McC. Nichols and appellant jointly to recover a balance of $896.21 for lumber alleged to have been sold and delivered to Nichols as the agent of appellant, and also as joint owner with appellant of certain land, and to foreclose a materialman's lien upon such land and the improvements thereon, in making which the lumber had been used. The pleadings involved the questions passed upon.

Appellant is a corporation, the purpose of whose organization is expressed in its charter to be the erection of buildings and the accumulation and loan of funds for the purchase of real estate in cities, towns, and villages. It acquired title to a large tract of land at Dickinson, of which that on which the improvements were put is a part. Appellant has the board of directors and the officers usual in such corporations, and besides has an executive committee, which the by-laws invest with authority to have "the supervision and direction of all improvements to be made upon the property of the association, and it shall be their duty to recommend to the board of directors from time to time, the making of such improvements as may, in their judgment, seem necessary and proper to be made to meet the purposes and objects, and promote the interest and welfare of this association."

This committee had no authority, however, to contract for the making of improvements. Nichols was chairman of the executive committee, a director, and one of the largest stockholders in the corporation, but he had no title in himself to any part of the land in question. The only direct evidence of the authority under which Nichols acted in making the improvements consisted of the following writing:

"GALVESTON, TEXAS, August 16, 1895.

"It is hereby agreed by the undersigned stockholders of the Nicholstone City Company that we authorize F. McC. Nichols, chairman of the executive committee, to improve the ground at Nicholstone at his own expense, and that he be reimbursed for said expenditures (subject to approval of executive committee), either by sale of stock or lands or any revenue derived from said property, and that we will, at the next meeting of the company, vote a resolution agreeing to the above."

(Signed) "Ed McCarthy, G. A. Meyer, Leon Blum, N. Weekes, Robert Bornefield, J. Lobit, M. Marx, J. E. Galbraith, C. H. Moore, Max Neethe."

This was not executed at any meeting of the executive committee, or of the board of directors, or stockholders, or by them in a body, but was signed by the individuals, whose names appear, at different times and places. No action was ever taken upon it at any meeting, though several were afterwards held to give Nichols an apportunity to appear and submit his proposition concerning the improvement of the property. He did not appear and no action was taken. Nichols, however, proceeded to cause the property to be improved by building race track, buildings, fences, structures appropriate to fair grounds, and purchasing from appellee the lumber used; and, after the completion of the work, a fair was held under the management of an association formed for that purpose. There is evidence to the effect that the lumber was purchased by Nichols upon the credit of appellant, but that appellant's directors and officers had no knowledge of that fact, and were ignorant of the fact that the improvement of the property was in progress, and only learned of it after completion. There is also parol evidence that the instrument copied above was not intended as definitive authority, but simply as an agreement on the part of its signers to consent to a project for improving the property urged by Nichols, and to settle the extent and character of the work at a meeting to be held. This evidence indicates that there was a purpose to limit the cost of the improvement to $10,000 or $15,000, while the cost incurred was in the neighborhood of $40,000.

The charge of the court instructed the jury to find for plaintiff against Nichols for the debt, and against appellant for a lien on the buildings, but not on the land, if they found that the instrument referred to was executed by stockholders owning about 60,000 shares, and all of the shares except about 100, and by all of the directors, and by the chairman and most of the executive committee.

All of the facts which the jury were required to find were undisputed, and the charge is the same as if the specified verdict had been directly instructed for the plaintiff. In order to sustain the charge the conclusion must be reached that the facts enumerated, or such facts in connection with other undisputed ones, necessitate the judgment rendered.

The evidence indicates that the improvements were of such a character as to constitute fixtures upon the land. Whether they were or not was

not submitted to the jury. If they were, they became the property of the owner of the realty, and can only be affected with a lien by operation of the statute giving lien for material furnished to make such improvements. Sheer v. Cummings, 80 Texas, 62; Exhibition Assn. v. Perkins, 80 Texas, 65.

It is not pretended in the pleading or evidence that there was any contract for the sale of the lumber made directly with the owner of the land, or with anyone who had a contract with such owner for making such improvements.

The case is rested upon the allegation that the contract was with appellant through Nichols, its agent and co-owner. It has been shown that there is no evidence that Nichols has any estate in the land, and this reduces the inquiry to the question whether or not the land or fixtures upon it are affected with a lien because Nichols was the agent of the owner in purchasing the lumber and in making the improvements. There is no evidence that he was held out as agent. If there was any evidence that the company knew of his action and acquiesced in and ratified it, it can not be claimed that it was of so conclusive a character that the determination of its effect could be taken from the jury. The judgment must therefore rest upon the legal effect of the written instrument. Did it, by itself, constitute Nichols the agent of the corporation, with authority to incumber its property with liens for improvements made? Considering the fact that the persons signing only designated themselves as stockholders, and agreed to vote for the proposition at the next meeting, we can not see that by the terms used, although it is said "we authorize," it was intended to give present authority. The instrument is at least so ambiguous that evidence of the circumstances attending its execution was admissible to show its real purpose and meaning. The evidence, so far as admitted, tended to support the construction of it just intimated, that it was not intended by itself to confer authority.

But superior to any such considerations is the proposition that neither the individual directors, or a majority, however great, of stockholders, acting separately, could thus bind the corporation. Action, in itself binding on the corporation, could only be taken by them as a body at a properly constituted meeting, for the reason that it is only thus that all interests are represented and heard. 4 Thomp. on Corp., sec. 4875.

It can not be held, therefore, as an undisputed fact that the instrument was ever so acted upon as by its own terms to bind the company. Had it been, what its effect would be we need not decide. An agent who has no authority to make an improvement of his principal's property can not charge it with such a lien. Though Nichols was chairman of the executive committee, and as such, in a sense, an agent of the company, this did not authorize him to make improvements; and without such authority no lien on the land or its fixtures could arise from his contract. Phil. on Mech. Liens, sec. 79.

Of course we do not mean to dispute the proposition that the company as well as an individual could, by acquiescence and ratification in

any of the ways recognized by law, become bound by the unauthorized acts of its agent done in its behalf.   So, though the instrument referred to did not become, by the mere signing and delivery of it, the contract of the company, it is doubtless true that it might be shown to have been in the same way recognized and adopted by it.   But if there was evidence sufficient to require the submission of these questions, which we need not determine, they were not submitted.

The court erred in directing a verdict for plaintiff, and for this reason the judgment against appellant is reversed and the cause remanded.   As to Nichols the judgment is left undisturbed.

*Reversed and remanded.*