### BLEDSOE v. COLBERT et al.

#### No. 1841.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1938.

Rehearing Denied Nov. 11, 1938.

Smith & Smith, of Anson, for plaintiff in error.

E. V. Hardwick, of Stamford, for defendants in error.

FUNDERBURK, Justice.

J. C. Bledsoe sued T. R. Colbert, Tom Upshaw, Frank Morrow and W. C. Jackson to recover upon an account for labor, as against said Colbert; and to establish and foreclose a laborer's lien upon a lot in Stamford, as against all defendants.

T. R. Colbert failed to answer in defense of the suit.

In a non-jury trial, the court gave judgment for plaintiff against T. R. Colbert for the debt of $91.25, and for the defendants against plaintiff upon the claim of a laborer's lien. The plaintiff has brought the case to this court upon a writ of error.

The trial judge made and filed conclusions of fact and law. No statement of facts accompanies the transcript as part of the record.

Plaintiff-in-error challenges the correctness of the trial judge's conclusion of law that he had no valid lien against the lot in Stamford. Although there are several assignments of error the correctness of the conclusion, we think, is the only question presented for our decision. There being no statement of facts, full effect must be given to the conclusions of fact, made a part of the record. According to such facts legal title to the lot, upon which the alleged lien was sought to be foreclosed, was at all times in said Morrow and Upshaw. The labor was performed for Colbert, who was in possession of the lot, but to whom no deed conveying same was ever delivered, his holding being under an executory contract of sale which provided for a deed reciting the retention of a vendor's lien and which deed was placed in escrow to be delivered only if, and when, twelve $50 monthly installments of the purchase price were paid. Only six of the twelve installments were paid and Colbert executed a written acknowledgment that he had no further interest in the property. Neither of the owners, Morrow and Upshaw, authorized plaintiff-in-error to make the improvements,

or authorized Colbert to incur the debt or to make the improvements; or had actual or constructive knowledge thereof, until after Colbert had executed the release disclaiming any interest in the property.

Under these facts, was Colbert, as a matter of law, the owner of the lot? We think not. Even if the deed, found to have been placed in escrow and never delivered, had been delivered and had taken effect according to its terms, the legal title would have remained in Morrow and Upshaw, and only an equitable title would have thereby vested in Colbert. The former would have had the right, upon default in payment of any of the installments of the purchase price, to rescind the conveyance, thereby extinguishing any equitable title in Colbert. Such right would be defeated if Colbert could have burdened the property with the lien claimed. This question, we think, must be regarded as having been settled by the Supreme Court in Galveston Exhibition Ass'n v. Perkins, 80 Tex. 62, 15 S.W. 633. For other decisions to the same effect, see Faber v. Muir, 27 Tex.Civ.App. 27, 64 S. W. 938; Smith v. Huckaby, 4 Tex.Civ.App. 80, 23 S.W. 397; Penfield v. Harris, 7 Tex.Civ.App. 659, 27 S.W. 762; Nicholstone City Co. v. Smalley, 21 Tex.Civ.App. 210, 51 S.W. 527; Hubbell v. Texas Southern Ry. Co., 59 Tex.Civ.App. 185, 126 S.W. 313; Wm. Cameron & Co. v. Trueheart, Tex.Civ.App., 165 S.W. 58; Sumrall v. Russell, Tex.Civ.App., 255 S.W. 239; Wilkerson v. McMurry, Tex.Civ.App., 167 S.W. 275; Hicks v. Faust, 109 Tex. 481, 212 S. W. 608; McCallen v. Mogul Producing Co., Tex.Civ.App., 257 S.W. 918; Hamman v. H. J. McMullen & Co., 122 Tex. 476, 62 S. W.2d 59.

■ In Sumrall v. Russell, supra, as here, the cases were sought to be distinguished by the lien claimant on the ground that the lien was a constitutional lien. Whether the lien be created by statute, or directly by the constitution, ownership of the property and a contract binding upon the owner are indispensable.

The case of Security Mortgage & Trust Co. v. Caruthers et al., 11 Tex.Civ.App. 430, 32 S.W. 837, relied upon by plaintiff-in-error, should not, if susceptible thereto, be given a construction to bring it in conflict with the authorities above cited. That that decision is no authority here is shown by the statement in the opinion that "Prior lienors are protected by the statute. Article 3171 [now Vernon's Ann.Civ.St. art. 5459]

provides that 'any lien, encumbrance or mortgage existing on the land or improvements at the time of the accrual of the lien herein provided for shall not be affected thereby.' " [Page 841.] In the instant case the lien and title of Morrow and Upshaw would certainly be affected should the lien claimed by plaintiff-in-error be recognized and enforced against the land.

The case of Humphreys-Mexia Company et al. v. J. L. Gammon et al., 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607, also relied upon by plaintiff-in-error is not in conflict with the other authorities above cited. Therein the court said [page 301]: "For that purpose [that is, of protecting the holder of the superior title as security for the purchase money] it [the contract by which the one in possession held] *was executory in so far as the right of rescission existed* in favor of Kennedy." (Italics ours.) In the instant case the right of rescission would be impaired or destroyed if the sellers in taking back the land were required to take it burdened with the asserted lien.

It is, therefore, our opinion that the judgment of the court below should be affirmed and it is accordingly so ordered.