## LAND TITLE BANK & TRUST CO. v. WITHERSPOON et al.

### No. 4994.

Court of Civil Appeals of Texas. Amarillo.

Feb. 27, 1939.

Earl Wyatt, of Amarillo, for appellant.

W. H. Russell, of Hereford, for appellees.

JACKSON, Chief Justice.

The record shows that on September 6, 1902 A. J. Oliver and his wife, Mita, by their proper deed conveyed to Bessie Lowe, a single woman, Lots 7 and 8 in Block 42 of the town of Hereford for and in consideration of the sum of $700 cash paid and the assumption by her of the payment of two vendor's lien notes each for the sum of $37.50; that she afterward paid and satisfied the vendor's lien notes out of her separate estate and the lots became and continued to be her separate property; that in November, 1903, Bessie Lowe and H. L. Witherspoon married and some time in 1905 they moved on said lots on which there was a two room house. From that time they occupied, used and enjoyed the lots as their home, impressed them and the improvements thereon with the qualities of a residence homestead, and the premises have retained all the characteristics of a homestead since said time by reason of the occupancy thereof by H. L. Witherspoon and his first wife, who died in 1915 or 1916, and their three children, Glenn, Willard and May Belle, and since said wife's death, by H. L. Witherspoon and the children, and by him and his second wife, whom he married in 1918. No administration was ever had on the estate of the deceased Bessie Witherspoon and none appears to have been necessary.

The city of Hereford, by virtue of an ordinance duly passed on July 22, 1926, and other proceedings adopted prior thereto, levied an assessment on Lots 7 and 8 in Block 42 of the original town of Hereford, attempting to create a lien thereon to secure the sum of $710.05, the pro rata

part of the cost of paving said lots, which front 140 feet on the north side of Fifth Street. The city issued a paving certificate therefor to Jordan Construction Company evidencing said purported lien and the personal liability of H. L. Witherspoon. Since the premises were indisputably the homestead of H. L. Witherspoon and his family, the lien the city attempted to create by assessment was void and unenforceable.

On June 18, 1926 H. L. Witherspoon and his second wife, Grace, executed and delivered to the Jordan Construction Company a mechanic's lien contract creating a lien against the premises involved herein to secure the payment of the sum of not to exceed $710.05, the cost of paving said lots, payable in cash at the option of the grantors on the completion of the improvement and its acceptance by the city, or payable one-tenth in cash and the balance in nine equal annual installments with interest at the rate of 7% per annum. This mechanic's lien contract acknowledged the assessment made by the city and recited: "In further consideration of said improvements and benefits, and as security additional and cumulative to but subsisting independently of any assessment or assessment certificate issued or other proceeding had by said City evidencing said indebtedness, I or we the undersigned, do hereby confess, give and grant unto said Contractor and payee hereinbefore named, and unto any assignee thereof, the Mechanic's, Builder's and Material Men's lien upon said abutting property described to secure the full payment of said indebtedness and obligations as contemplated in the Constitution of Texas for improvements made on a Homestead; and as further cumulative security and inducement to said Contractor, I or We, the undersigned do hereby Grant, Bargain, Sell and Convey unto said Contractor the said abutting property together with all appurtenances thereto, to have and to hold the same unto said Contractor and payee, and unto any assignee hereof in Trust. However, to secure the due payment of said obligations hereinabove contained, and upon such payment being made, then and thereupon these presents shall be and become null and void."

Glenn and Willard Witherspoon, the children of H. L. Witherspoon and his first wife, Bessie, on June 18, 1928, subject to the payment of all taxes and liens against the property, each conveyed his undivided interest in the lots to his father, H. L. Witherspoon, and May Belle Witherspoon, the minor, through her duly and legally appointed guardian, with the approval of the probate court, for valuable consideration conveyed her undivided interest in said property to the father, H. L. Witherspoon.

On September 14, 1933, the Real Estate Land-Title and Trust Company, Trustee, instituted this suit in the District Court of Deaf Smith County to recover the balance due on the paving indebtedness and to foreclose the assessment and the contract lien on Lots 7 and 8 against H. L. Witherspoon and his wife, Willard Witherspoon and his wife, and against J. N. Jordan, Horace B. Jordan and Wm. N. Hale, as members of the firm of the Jordan Construction Company. Thereafter, on proper motion, the name of the plaintiff was changed and substituted therefor was the Land Title Bank and Trust Company, Trustee, the owner of the indebtedness by proper transfer, and in said name the suit was prosecuted.

The case was tried before the court without the intervention of a jury and judgment rendered that the substituted plaintiff take nothing by its suit and that the defendants go hence with their cost; that the paving lien attempted to be created by the city and the purported mechanic's lien given by H. L. Witherspoon and his wife be declared null and void, from which action of the court this appeal is prosecuted.

The court correctly adjudged the purported assessment lien invalid because of the homestead character of the property.

The court filed findings of fact in which, among other things, he determined that the property in question was the separate property of the first wife of H. L. Witherspoon; that the premises were occupied by her and her husband and their three children, Willard, Glenn and May Belle, as a homestead until her death, and later by the children and the father, or by him and his second wife up to and including the date of this trial; that about two years after the death of Bessie Witherspoon the children on June 18, 1928, conveyed the west eighty feet of Lots 7 and 8 to H. L. Witherspoon. These findings are not questioned.

The court also found that the mechanic's lien executed by H. L. Witherspoon and

his wife, Grace, was originally written so as to read: "Whereas, 'the Witherspoon heirs' own certain property in the city of Hereford," but the words "the Witherspoon heirs" were later crossed out by running a pen with ink through same and the word "undersigned" substituted; that H. L. Witherspoon in executing the purported mechanic's lien was not acting as the owner of the property but was attempting to act as a representative of the Witherspoon heirs, but was not authorized to bind them or their property.

These last findings are without sufficient support in the testimony; however, if the facts were shown they would not necessarily defeat the appellant's right to recovery.

In 2 Tex.Jur. 577, para. 167, the author says: "That an agent, even though acting for a disclosed principal, may bind himself personally is well established by the authorities. It is entirely competent for the agent, although his agency is known and he is fully authorized to bind his principal, to pledge his own personal responsibility." This holding is approved by the opinion of the Commission of Appeals in American Nat. Bank of Houston v. American Loan & Mortgage Co. et al., 228 S.W. 169.

In 3 C.J.S., Agency, p. 123, § 216, the author announces this principle in this language: "Where the agent contracts as ostensible principal, regardless of his intention, and notwithstanding his lack of personal interest in the consideration, he will be personally liable on the contract as if he were principal, and he has the same obligations to the other party as if he were not acting for another."

In the same volume of C.J.S., Agency, § 215, it is stated: "The liability of the agent is predicated, not upon his agency, but upon his contract obligations."

The record discloses without controversy and the court found as fact that the children had conveyed their interest in the property on June 18, 1928, to their father, H. L. Witherspoon. He therefore acquired title after he and his wife had executed the mechanic's and materialman's lien in which it was recited that they were the owners of the property on which the lien was given, that they granted, sold and conveyed the lots and promised to pay for the paving.

In Lindsay v. Freeman et al., 83 Tex. 259, 18 S.W. 727, 729, the Supreme Court says: "This instrument is not a mere quitclaim or a release or a conveyance of the right, title, and interest which the grantors then had. It purports 'to convey the lands and land certificates,' and, purporting to convey them in fee-simple, it purports to convey an absolute, indefeasible title. * * * If the grantors the Lowery sisters did not possess the estate which the deed purports to convey, nevertheless, as it was their clear intention, shown by the deed, to convey a fee-simple, they and their privies, whether in blood in an estate or in law, are estopped to claim by an after-acquired title though the deed contains no warranty. The language in the deed whereby the grantors convey the fee-simple estate in the land constitutes a recital which imports an assertion by them that they are the owners in fee-simple of the land; and, having thus asserted the fact of their ownership, the grantors are estopped to deny such fact."

See, also, Breen v. Morehead et al., Tex. Civ.App., 126 S.W. 650, affirmed by the Supreme Court, 104 Tex. 254, 136 S.W. 1047, Ann.Cas.1914A, 1285; Jackson v. Jackson et al., Tex.Civ.App., 114 S.W.2d 644; 12 Tex.Jur. Sec. 8, page 14; Sections 20 and 21, pages 31 and 33.

In Logue et al. v. Atkeson et ux., 35 Tex.Civ.App. 303, 80 S.W. 137, writ denied, the doctrine of after-acquired title is applied to mortgages.

On the death of Bessie Witherspoon the husband was entitled to one-third of the personal estate and also "to an estate for life, in one-third of the land of [his deceased wife who died] intestate." Article 2571, R.C.S.

Under this record the appellant was entitled to a personal judgment against H. L. Witherspoon and a foreclosure of its lien on his one-third life estate in the property and on all the property the title to which he had acquired after the mechanic's lien was executed, and to have a sale thereof under execution to satisfy the balance of the debt.

The judgment is reversed and the cause remanded.