**William F. CALLEJO-BORGES, Claimant, Appellant,**

v.

**William J. ROCHELLE, Jr., Trustee for Buckingham Country Club, Inc., Bankrupt, Appellee.**

No. 20035.

United States Court of Appeals
Fifth Circuit.

May 8, 1963.

Wilmer D. Masterson, III, Kilgore & Kilgore, Dallas, Tex., for appellant.

Wm. Madden Hill, Ungerman, Hill, Ungerman & Angrist, Dallas, Tex., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

CONNALLY, District Judge.

Buckingham Country Club, Inc. heretofore has been adjudicated a bankrupt and the estate presently is in the course of administration. Appellee is the duly elected and qualified trustee of the estate.

Immediately prior to the bankruptcy proceeding, the Club was in possession of a tract of 171 acres of land which was owned by one Cain. The possession was enjoyed under terms of a contract or option to purchase. As the property has enhanced in value, appellee, as trustee of the estate, contended in the bankruptcy court that this contract to purchase was a valid and existing one which constituted an asset of the estate. The owner Cain contended that any option which the bankrupt previously had held had expired before bankruptcy, and denied that the trustee owned any interest in the property whatsoever. While this controversy was pending, the parties reached an amicable settlement under terms of which Cain paid the trustee the sum of $15,000 in cash to buy his peace. This settlement was approved by the bankruptcy court, and the trustee was authorized to execute a quitclaim of the property to Cain to effectuate the settlement, which was done.

The appellant herein is an architect who entered into a written contract with the Club for the performance of certain professional services by him in connection with the improvements to be constructed upon the Club properties. By reason of this contract, and the services which appellant rendered thereunder, the bankrupt is indebted to appellant in the sum of $11,604.03, which has been approved as a valid but unsecured claim.

 

In due course appellant undertook to impress a mechanic's lien upon the 171-acre tract by following the procedures prescribed by the Texas statutes for that purpose. He now contends that at the time of bankruptcy the Club owned an interest of value in the property; that he had affixed a lien to that interest; that such interest was sold to Cain for $15,000 in consummation of the settlement, and that his claim for $11,604.03 should be classified as a secured claim against the $15,000 which the trustee received from Cain. The referee ruled that the claim was not so secured because the bankrupt did not have an interest in the property of such a nature as to permit a mechanic's lien to attach under the Constitution and statutes of this state. The district judge approved and confirmed this ruling. We, likewise, are of the view that the ruling was correct, and affirm the action of the court below.

Article 5452 of Vernon's Civil Statutes of Texas affords a lien to one who furnishes labor or material by virtue of a contract "with the owner or owners * * *" of the property in question. In an early case [1] the Supreme Court of Texas held that one in possession of property, under a contract to purchase (who thereafter defaulted, so that the sale was not consummated) was not an "owner" who might fix a lien thereon. The Court stated:

"It seems to be well settled that a person in possession of land under a written contract to purchase is not, within the meaning of such statutes as those under which the persons claiming liens assert rights, the owner of the land or of the improvements he may place on it, and for this reason cannot fix a lien on either."

The above holding has been cited and followed in Bledsoe v. Colbert, Tex.Civ. App., 120 S.W.2d 909, which cites other cases to the same effect.

Had the bankrupt acquired here an interest in the land, a lien might have been impressed upon such interest. Galveston Exhibition Ass'n v. Perkins, supra; Strang v. Pray, 89 Tex. 525, 35 S.W. 1054; Land Title Bank & Trust Co. v. Witherspoon, Tex.Civ.App., 126 S.W.2d 71; Sumrall v. Russell, Tex.Civ. App., 255 S.W. 239. We do not construe the settlement agreement between the trustee and Cain, nor the quitclaim by which it was effected, as conveying any interest in the property. The payment by Cain we construe not as the purchase price for an interest in the realty, but as a buying of the peace.

The action of the court below is

Affirmed.

---

1. Galveston Exhibition Ass'n v. Perkins, 80 Tex. 62, 15 S.W. 633.